IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONNIE TIMMONS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. 3:17-cv-1079-D (BT) |
| | § | |
| STATE OF TEXAS, | § | |
|     Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Ronnie Timmons has filed a motion to reopen this closed civil action. For the following reasons, the motion (ECF No. 19) should be DENIED.

I.

On April 21, 2017, Plaintiff filed a *pro se* complaint under 42 U.S.C. § 1983. Plaintiff claimed he was convicted of theft in Dallas County in 1983, but that he never appeared before a judge. Plaintiff stated he was sent to jail for fourteen months and was on parole for three years. He sought money damages. On September 19, 2017, the district court summarily dismissed Plaintiff's complaint under *Heck v. Humphrey*, 512 U.S. 477 (1994), because Plaintiff failed to show that his conviction has been reversed, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. Plaintiff did not appeal.

Plaintiff filed the instant motion to reopen on June 11, 2018. In his motion, Plaintiff states the *Heck* conditions have been met.  On June 19, 2018, the Court sent Plaintiff a questionnaire seeking all the facts regarding his assertion that the *Heck* conditions have been met, including the date the conditions were met, and the cause number of any case satisfying the *Heck* conditions.  On June 25, 2018, Plaintiff filed his response to the questionnaire stating only: "I am suing because I was sent to prison without seeing a judge." (ECF No. 21.)  Plaintiff's response fails to establish that the *Heck* conditions have been satisfied.

II.

Plaintiff has not shown that his conviction has been reversed or declared invalid. Therefore, no cause of action under § 1983 has accrued. Plaintiff's motion to reopen (ECF No. 19) should be DENIED.

Signed June 29, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The Court directs the United States District Clerk to serve on the parties a true copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these Findings, Conclusions, and Recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these Findings, Conclusions, and Recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the Findings, Conclusions, and Recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).